IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00879-CMA-KMT

DEMETRIUS T. FREEMAN,

    Plaintiff,

v.

EXECUTIVE OFFICE OF US ATTORNEYS,

    Defendant.

---

# ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Currently before the Court are cross-motions for summary judgment. Defendant Executive Office of US Attorneys filed its Motion for Summary Judgment on August 19, 2019. (Doc. # 21.) Plaintiff Demetrius T. Freeman filed his Motion for Summary Judgment on September 9, 2019. (Doc. # 29.) For the following reasons, the Court grants Defendant's Motion for Summary Judgment (Doc. # 21) and denies Plaintiff's Motion for Summary Judgment (Doc. # 29).

## I.     BACKGROUND

### A.     PROCEDURAL HISTORY

Plaintiff, Demetrius T. Freeman, filed a *pro se* Complaint on March 22, 2019, which did not meet Federal Rule of Civil Procedure 8 because it failed to provide short and plain statements of his claims. (Doc. # 1.) On May 8, 2019, Magistrate Judge

Gordon P. Gallagher ordered Plaintiff to file an amended complaint that met the pleading requirements pursuant to Rule 8. (Doc. # 8.) Plaintiff filed his Amended Complaint on May 31, 2019. (Doc. # 11.)

In his Amended Complaint, Plaintiff asserts one claim pursuant to 42 U.S.C. § 1985(2) alleging that six Defendants[1] and the Executive Office for United States Attorneys ("EOUSA") conspired to interfere with his civil rights by obstructing justice. (Doc. # 11.) Among other things, Plaintiff contends that the Defendant AUSAs attended and cross examined him at his grand jury hearing and influenced the grand jury's indictment in 2006, prior to the AUSAs taking an oath of office. (*Id.* at 5–6.) Plaintiff further alleges that in 2019, Defendant EOUSA denied his Freedom of Information Act ("FOIA") requests for copies of his grand jury cross examination transcripts and arrest warrants, which Plaintiff claims are "necessary to prevent injustice" that the alleged "ongoing and active conspiracy against his rights" caused. (*Id.* at 7–8.) As relief, Plaintiff seeks ten million dollars, "plus the cost of litigation," and "the release of the information sought as to grand jury transcripts, and federal arrest warrants." (*Id.* at 10.)

On June 28, 2019, Magistrate Judge Gallagher issued a Recommendation to dismiss Plaintiff's Amended Complaint "for failure to comply with the pleading requirements of [Rule] 8 to the extent Plaintiff is asserting a conspiracy claim under 42

---

[1] The six Defendants are James Christian Stuchell, Robert Brian Tanner, and Joshua Steven Weimer, each of whom is or was an Assistant United States Attorney ("AUSA") in the Southern District of Georgia; Southern District of Georgia Deputy Clerk Jaime; Southern District of Georgia District Judge Dudley H. Bowen; and the Southern District of Georgia. (Doc. # 11.)

U.S.C. § 1985(2)" and to dismiss the six Defendants.[2] (Doc. # 15 at 7.) However, the Magistrate Judge "constru[ed] the amended Prisoner Complaint liberally" and determined that Plaintiff "is asserting a separate claim under the FOIA" against Defendant EOUSA. (*Id.* at 3).

On July 19, 2019, Judge Lewis T. Babcock accepted and adopted Magistrate Judge Gallagher's recommendation and issued an order dismissing six defendants and the conspiracy claim pursuant to 42 U.S.C. § 1985(2) without prejudice. (Doc. # 17.) Following this Order, only Plaintiff's FOIA claim remained.

On August 19, 2019, Defendant EOUSA moved for summary judgment on that remaining claim on the grounds that Defendant's "withholding of the requested grand jury transcript was proper" pursuant to FOIA exemption three, 5 U.S.C. § 552(b)(3), and that Defendant never received a FOIA request for Plaintiff's arrest warrants. (Doc. # 21.)[3] On September 9, 2019, Plaintiff also moved for summary judgment on the grounds[4] that grand jury transcripts could be disclosed to him because he displayed a "particularized need" for them and that he requested only transcripts of his own cross examination. (Doc. # 29 at 5, 8.) On September 16, 2019, Plaintiff filed a supplement to his summary judgment motion in which he claimed that Defendant EOUSA previously

---

[2] Magistrate Judge Gallagher recommended "that Defendants U.S. Southern District of Georgia, James Christian Stutchell, Robert Brian Tanner, Joshua Steven Weimer, Deputy Clerk Jaime and District Judge Dudley H. Bowen, be dismissed as parties to this action". (Doc. # 15 at 7.)
[3] In response to Defendant EOUSA's Motion for Summary Judgment, Plaintiff asserts facts in support of his claims that were already dismissed. (Doc. # 39.) As such, the Court need not consider them.
[4] The Court notes that Plaintiff also moves for summary judgment on the claims for conspiracy pursuant to 42 U.S.C. § 1985(2); however, Judge Babcock already dismissed that claim. (Doc. ## 29, 17.)

3

disclosed grand jury transcripts and therefore cannot deny him the grand jury transcripts that he requested. (Doc. # 34 at 3.) Defendant EOUSA responded that "it is irrelevant to Plaintiff's FOIA request whether his request falls within an exemption from disclosure under [Rule] 6(e)" because FOIA exemption three still applies. (Doc. # 42 at 1–2.)

**B.      FACTUAL BACKGROUND**

The Court finds that the following material facts are undisputed. Plaintiff is currently a prisoner in the United States Penitentiary in Florence, Colorado. On September 27, 2018, Plaintiff submitted a FOIA request to Defendant asking for transcripts of Plaintiff's cross examination during the June 8, 2006 grand jury proceedings that occurred in the Southern District of Georgia. (Doc. # 21-1 at 3–4, ¶ 5.) On October 22, 2018, Defendant EOUSA denied Plaintiff's FOIA request pursuant to FOIA exemption three, reasoning that "grand jury material is exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3)" because Federal Rule of Criminal Procedure 6(e) prohibits disclosure of grand jury information. (*Id*. at 11.) On or about November 11, 2018, Plaintiff appealed Defendant EOUSA's denial of his FOIA request and asserted that secrecy pursuant to Rule 6(e) does not apply to grand jury witnesses, such as himself, who are asking only for their cross examination. (*Id.* at 15–16.) However, the Office of Information Policy affirmed Defendant EOUSA's decision on February 15, 2019, stating that FOIA exemption three applies if there is a statute prohibiting the release of that information, and that Rule 6(e) prohibits that disclosure. (*Id*. at 19–20.)

Additionally, Defendant EOUSA provided uncontradicted evidence showing that it performed a search for all FOIA requests from Plaintiff, including any requests for

copies of his arrest warrants, and that the results of the search incontrovertibly established that Defendant EOUSA never received such a request. (*Id.* at 4, ¶ 9.) As such, it is undisputed that Defendant EOUSA did not receive a FOIA request regarding arrest warrants from Plaintiff.

## II. APPLICABLE LEGAL PRINCIPLES

### A. SUMMARY JUDGMENT

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party—and in the instant action, in the light most favorable to Plaintiff. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant

need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id*. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. In other words, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

Additionally, to prevail on summary judgment under FOIA, an agency must, "through the affidavits or declarations, 'prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act[.]'" *Sousa v. United States Dep't of Justice*, Civ. Nos. 95-375 (TFH), 95-410 (TFH), 1996 U.S. Dist. LEXIS 18627 at *8–9 (D.D.C. Dec. 9, 1996) (quoting *Nat'l Cable Television Ass'n v. Fed. Commc'n Comm'n*, 479 F.2d 183, 186 (D.C. Cir. 1973)). If the government is seeking summary judgment based on a FOIA exemption, it must provide a detailed justification in which it identifies the reasons why the exemption is relevant and correlates those claims with the specific part of the withheld document to which

they apply. *Sousa*, 1996 U.S. Dist. LEXIS 18627 at *8 (citing *Mead Data Ctr., Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).

**B.     EXEMPTION UNDER FOIA**

"The FOIA was enacted to ensure public access to a wide range of government reports and information." *Bartko v. United States Dep't of Justice*, 898 F.3d 51, 61 (D.C. Cir. 2018) (quoting *Rural Housing Alliance v. United States Dep't of Agric.*, 498 F.2d 73, 76 (D.C. Cir. 1974)). Although the purpose of FOIA is transparency and government accountability, Congress allows for certain categories of records to be exempted from disclosure "to protect important governmental and private interests in confidentiality." *Id*. at 61. The third FOIA exemption allows the government to withhold from mandatory disclosure information that is "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3).

Federal Rule of Criminal Procedure 6(e) prohibits disclosure of grand jury records which would "tend to reveal some secret aspect of the grand jury's investigation[;] such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Durham v. United States Dep't of Justice*, 829 F. Supp. 428, 432 (D.D.C. 1993). There are three exceptions to Rule 6(e) that allow the disclosure of matters occurring before the grand jury: "(1) a government attorney in the performance of his duties; (2) a demonstration that grounds exist to dismiss an indictment because of irregularities in the Grand Jury proceedings; and (3) a matter preliminary to a judicial proceeding." *Murphy v. Fed. Bureau of Investigation*, 490 F. Supp. 1138, 1140 (D.D.C.

7

1980). "The standard is clear: outside of the express statutory exceptions, Rule 6(e) prohibits disclosure unless release fails to elucidate the inner workings of the grand jury." *Id*. at 1141.

### III.     ANALYSIS

It is undisputed that Defendant EOUSA did not receive a FOIA request from Plaintiff for his arrest warrants; therefore, the only dispute at issue is whether Defendant appropriately denied Plaintiff's FOIA request for his grand jury cross examination transcripts. (Doc. # 21-1 at 4, ¶ 9.) This Court concludes that Defendant EOUSA properly denied Plaintiff's FOIA request.

The facts in the instant case are similar to the facts in *Durham* in which the court held that the defendant appropriately withheld documents that the plaintiff requested through FOIA. 829 F. Supp. at 431. In *Durham*, the plaintiff was a prisoner who requested grand jury testimony pertaining to himself through FOIA. *Id*. at 431.The defendant denied the plaintiff's request pursuant to FOIA exemption three and provided declarations describing the documents withheld and the FOIA exemption that applied. *Id*. The court determined that the documents that defendant withheld would "show the substance of testimony and the direction of the investigation," and their disclosure was prohibited by Rule 6(e). *Id*. at 432. The *Durham* court concluded that Plaintiff's FOIA request fell within the FOIA exemption three. *Id*. at 431.

Similarly, the plaintiff in *Murphy* used the FOIA to request the release of videos presented to a grand jury, but only videos in which the plaintiff appeared. 490 F. Supp at 1139. The defendant denied the disclosure of the video recordings pursuant to FOIA

exemption three. *Id*. The court determined that the release of the video tapes would "reveal the scope and direction of the grand jury investigation" because they would reveal "the breadth of evidence presented to the grand jury. . . the persons and places mentioned. . . and the precise statements made." *Id*. at 1141. The court also held that the release of the video tapes would indicate what matters were of interest to the grand jury and would compromise their secrecy. *Id*. at 1140.

In the instant case, Plaintiff requested grand jury transcripts of only his cross examination, similar to the plaintiffs in *Dunham* and *Murphy*. However, because Plaintiff's cross examination occurred before a grand jury, the transcript will reveal "the inner workings, scope or direction" of those proceedings. *Murphy*, 490 F. Supp. at 1140. Therefore, Rule 6(e) prohibits the disclosure of the documents requested.

Additionally, Plaintiff did not demonstrate that his FOIA request falls under one of the express exceptions to Rule 6(e). Rather, Plaintiff asserts that he is entitled to his FOIA request because he has a "particularized need" for the transcripts of his cross examination to prevent injustice. (Doc. ## 11, 29.) A "particularized need," however, is not one of the exceptions to Rule 6(e); and although courts have accepted the "particularized needs" test for purposes of discovery under the Federal Rules of Civil Procedure, in a FOIA suit, the court does not consider the needs of the requestor. *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 86 (1973) (explaining that FOIA "by its terms, [does not] permit inquiry into particularized needs of the individual seeking the information . . ."); *see also Murphy*, 490 F. Supp. at 1140 (setting forth exceptions to Rule 6(e) and omitting any reference to a requestor's particularized needs).

Moreover, Plaintiff somewhat accurately asserts he is entitled to review transcripts of his own grand jury testimony in private. "[G]rand jury witnesses are entitled under Rule 6(e)(3)(E)(i) to review transcripts of their own grand jury testimony in private at the U.S. Attorney's Office or a place agreed to by the parties or designated by the district court." *In re Grand Jury*, 490 F.3d 978, 980 (D.C. Cir. 2007). This standard, however, is not applicable to Plaintiff's FOIA claim because the third FOIA exemption still bars the disclosure of the documents. Indeed, this action is simply the wrong vehicle through which Plaintiff seeks a remedy. Accordingly, Defendant EOUSA is entitled to summary judgment on Plaintiff's FOIA claim.

## IV. CONCLUSION

For the aforementioned reasons, the Court ORDERS as follows:

1. Defendant Executive Office of United States Attorneys' Motion for Summary Judgment (Doc. # 21) is GRANTED and Plaintiff Demetrius T. Freeman's Motion for Summary Judgment (Doc. # 29) is DENIED.

2. Plaintiff's Motion to Consolidate (Doc. # 45) is DENIED AS MOOT.

3. The Clerk of the Court is respectfully directed to enter judgment in favor of Defendant Executive Office of US Attorneys and against Plaintiff Demetrius T. Freeman.

DATED: December 19, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge